# Exhibit "J"

**Award**
**FINRA Office of Dispute Resolution**

---

In the Matter of the Arbitration Between:

<u>Claimant</u>                                                                           <u>Case Number</u>: 16-00033
Odeon Capital Group LLC

     vs.

<u>Respondents</u>                                                                    <u>Hearing Site</u>: New York, New York
Auriga USA, LLC
Mihir Jaimini Patel

     and

<u>Third-Party Claimant</u>
Mihir Jaimini Patel

     vs.

<u>Third-Party Respondents</u>
Evan Schwartzberg
Mathew Hadlock Van Alstyne

---

Nature of the Dispute: Member vs. Member and Associated Person

Associated Person vs. Associated Persons

## REPRESENTATION OF PARTIES

For Claimant Odeon Capital Group LLC: Eric Stern, Esq. Sack & Sack, Esqs., New York, New York.

For Respondent Auriga USA, LLC ("Auriga"): Jeffrey Plotkin, Esq., Finn Dixon & Herling LLP, Stamford, Connecticut.

For Respondent Mihir Jaimini Patel ("Patel"): Gary Trachten, Esq., Kudman Trachten Aloe, LLP, New York, New York.

For Third-Party Respondents Evan Schwartzberg ("Schwartzberg") and Mathew Hadlock Van Alstyne ("Van Alstyne"): Eric Stern, Esq., Sack & Sack, Esqs., New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: December 30, 2015.
Answer to Respondent Patel's Counterclaim filed on or about: June 10, 2016.
Odeon Capital Group LLC signed the Submission Agreement: December 30, 2015.

Statement of Answer filed by Respondent Auriga on or about: March 25, 2016.
Auriga USA, LLC signed the Submission Agreement: March 21, 2016.

Statement of Answer, Counterclaim and Third-Party Claim filed by Respondent Patel on or about: April 21, 2016.
Amended Statement of Answer, Counterclaim and Third-Party Claim filed by Respondent Patel on or about: September 6, 2016.
Mihir Jaimini Patel signed the Submission Agreement: March 22, 2016.

Answer to Third-Party Claim filed by Respondents Schwartzberg and Van Alstyne on or about: June 10, 2016.
Evan Schwartzberg signed the Submission Agreement: June 21, 2016.
Mathew Hadlock Van Alstyne signed the Submission Agreement: June 21, 2016.

## CASE SUMMARY

Claimant asserted the following causes of action: breach of express written contract; breach of fiduciary duty; breach of covenant of good faith and fair dealing; action for an accounting; constructive trust; unjust enrichment/ disgorgement; specific performance; tortious interference of contract; unfair competition; and conversion.

Unless specifically admitted in its Statement of Answer, Respondent Auriga denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in his Statement of Answer, Respondent Patel denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In his Counterclaim and Amended Counterclaim, Respondent Patel asserted the following causes of action: violation of labor law section 198; breach of compensation; and wrongful termination. Respondent Patel added violation of Labor Law Section 215 in the Amended Counterclaim.

In his Third-Party Claim, Respondent Patel asserted the following cause of action: violation of Labor Law section 198.

In his Amended Third-Party Claim, Respondent Patel asserted the following causes of action: violations of Labor Law sections 198 and 215.

Unless specifically admitted their Answer, Claimant and Third-Party Respondents denied the allegations made in the Counterclaim and Third-Party Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested liquidated damages in the amount of $5,653,415.00; pre-judgment interest; costs; punitive damages; attorneys' fees; accounting fees; ordering Patel to return all Claimant's property in his possession, custody, and control, including, but not limited to, computer equipment; and such other and further relief as this Panel may deem just and proper.

Case 1:18-cv-01238-RWS   Document 3-10   Filed 02/12/18   Page 4 of 10

In the Statement of Answer, Respondent Auriga requested dismissal of the Statement of Claim in its entirety; and such relief as the Panel deems just and proper, including attorneys' fees and costs as a sanction against Claimant for filing a frivolous Claim.

In the Statement of Answer and Amended Statement of Answer, Respondent Patel requested dismissal of the Statement of Claim and Amended Statement of Claim in their entirety.

In the Counterclaim, Respondent Patel requested compensatory damages in the amount of $4,146,830.00; interest at the rate of 9% per annum; attorneys' fees; costs; and forum fees.

In the Amended Counterclaim, Respondent Patel requested compensatory damages in the amount of $4,146,830.00; interest at the rate of 9% per annum; $20,000.00 in Labor Law section 215 liquidated damages; $800,000.00 in combined emotional distress and punitive damages; attorneys' fees; costs; and forum fees.

In the Third-Party Claim, Respondent Patel requested compensatory damages in the amount of $427,570.00; interest at the rate of 9% per annum; and attorneys' fees.

In the Amended Third-Party Claim, Respondent Patel requested compensatory damages in the amount of $427,570.00; interest at the rate of 9% per annum; $20,000.00 in Labor Law section 215 liquidated damages; attorneys' fees; and costs.

In their Answer, Claimant and Third-Party Respondents requested that the Counterclaim and Third-Party Claim be denied in their entirety.

At the conclusion of the hearing, Claimant and Respondent Patel submitted final damage requests.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

By correspondence dated September 8, 2016, Respondent Auriga filed a Motion for Sanctions. Claimant objected to Respondent Auriga's Motion.

By correspondence dated September 9, 2016, Respondent Patel filed a Motion for Sanctions. Claimant objected to Respondent Patel's Motion.

By correspondence dated October 31, 2016, Respondent Auriga filed a Supplemental Motion for Discovery Sanctions and Claimant objected.

By correspondence dated January 17, 2017, Respondent Auriga filed a Motion to Dismiss for failure to comply with Discovery Order and for Repeated Vexations of Discovery Misconduct and Claimant objected.

By correspondence dated January 20, 2017, Respondent Patel filed a Motion to Dismiss and Motion to Strike Third-Party Respondents Schwartzberg's and Van Alstyne's Answers and Claimant objected.

By Order dated March 21, 2017, the Panel: denied Respondent Patel's Motion to Dismiss; denied Respondent Patel's Motion for Sanctions with leave to renew at the hearing; denied Respondent Auriga's Motion to Dismiss; denied Respondent Auriga's Motion for Sanctions with leave to renew at the hearings; and denied Respondent Patel's Motion to Strike Third-Party Respondents Schwartzberg's and Van Alstyne's Answers.

At the hearings, Respondents Patel and Auriga's renewed their respective Motions for Sanctions.

After Claimant's case-in-chief, Respondents Auriga and Patel each made an oral Motion to Dismiss Claimant's claims and Claimant objected. After due deliberation, the Panel granted Auriga's Motion to Dismiss on count 8 of Claimant's Claim and Respondent Patel's Motion to Dismiss on counts 2,4,5 and 7 of Claimant's claim.

At the hearing, Claimant and Third-Party Respondents made an oral Motion to Dismiss, Respondent Patel's Counterclaim and Third-Party Claim. After due deliberation, the Panel denied the Motion.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are denied in their entirety.

2. Claimant is liable for and shall pay to Respondent Auriga expenses in the amount of $47,994.00.

3. Claimant is liable for and shall pay to Respondent Auriga attorneys' fees in the amount of $353,290.00. Claimant and Respondent Auriga both requested attorneys' fees.

4. Claimant is liable for and shall pay to Respondent Patel compensatory damages in the amount of $173,975.00.

5. Claimant is liable for and shall pay to Respondent Patel interest on the above stated sum in item #4 at the rate of 9% per annum from October 31, 2016 to the date of the award.

6. Claimant is liable for and shall pay to Respondent Patel expenses in the amount of $4,591.00.

7. Claimant is liable for and shall pay to Respondent Patel attorneys' fees in the amount of $283,284.00. Claimant and Respondent Patel both requested attorneys' fees.

8. Respondent Patel's Third-Party Claims are denied in their entirety.

9. Respondent Auriga's Motion for Sanctions is denied.

10. Respondent Patel's Motion for Sanctions is denied.

11. Any and all claims for relief not specifically addressed herein, including punitive damages, are denied.

# **FEES**

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

**Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 4,000.00 |
| Counterclaim Filing Fee | =$ 2,000.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated persons at the time of the events giving rise to the dispute. Accordingly, as parties, Odeon Capital Group LLC and Auriga USA, LLC are each assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 3,600.00 |
| Member Process Fee | =$ 6,800.00 |

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1`) pre-hearing session with a single arbitrator @ $450.00/session    =$   450.00
Pre-hearing conference:   February 8, 2017           1 session


Three (3) pre-hearing sessions with the Panel @ $1,500.00/session    =$ 4,500.00

| Pre-hearing conferences: | August 23, 2016 | 1 session | |
| | November 30, 2016 | 1 session | |
| | March 20, 2017 | 1 session | |

| Thirty-three (33) hearing sessions @ $1,500.00/session | | | =$ 49,500.00 |
|---|---|---|---|
| Hearing Dates: | May 2, 2017 | 2 sessions | |
| | May 3, 2017 | 2 sessions | |
| | May 4, 2017 | 2 sessions | |
| | May 9, 2017 | 2 sessions | |
| | May 10, 2017 | 2 sessions | |
| | May 30, 2017 | 2 sessions | |
| | June 5, 2017 | 2 sessions | |
| | June 6, 2017 | 2 sessions | |
| | June 13, 2017 | 2 sessions | |
| | July 18, 2017 | 2 sessions | |
| | July 19, 2017 | 2 sessions | |
| | September 7, 2017 | 2 sessions | |
| | September 8, 2017 | 1 session | |
| | September 27, 2017 | 2 sessions | |
| | September 28, 2017 | 2 sessions | |
| | October 26, 2017 | 2 sessions | |
| | November 29, 2017 | 2 sessions | |

_____

Total Hearing Session Fees =$54,450.00

The Panel has assessed the $54,450.00 hearing session fees to Claimant.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

FINRA Office of Dispute Resolution
Arbitration No. 16-00033
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| Julian F. Santos | - | Public Arbitrator, Presiding Chairperson |
| John Caracciolo | - | Public Arbitrator |
| Paul George Huck | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____   1/7/18
Julian F. Santos                     Signature Date
Public Arbitrator, Presiding Chairperson


_____   _____
John Caracciolo                      Signature Date
Public Arbitrator


_____   _____
Paul George Huck                     Signature Date
Non-Public Arbitrator


**January 12, 2018**
Date of Service (For FINRA Office of Dispute Resolution office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| Julian F. Santos | - | Public Arbitrator, Presiding Chairperson |
| John Caracciolo | - | Public Arbitrator |
| Paul George Huck | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**


_____        _____
Julian F. Santos                                                          Signature Date
Public Arbitrator, Presiding Chairperson


_____        January 6, 2018
John Caracciolo                                                        Signature Date
Public Arbitrator


_____        _____
Paul George Huck                                                     Signature Date
Non-Public Arbitrator


**January 12, 2018**
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 16-00003
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| Julian F. Santos | - | Public Arbitrator, Presiding Chairperson |
| John Caracciolo | - | Public Arbitrator |
| Paul George Huck | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____       _____
Julian F. Santos                                             Signature Date
Public Arbitrator, Presiding Chairperson

_____       _____
John Caracciolo                                            Signature Date
Public Arbitrator

_____       _____
Paul George Huck                          1/12/18        Signature Date
Non-Public Arbitrator

January 12, 2018
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)