UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ )
In the Matter of Arbitration of Certain                      )
Controversies between                                        )
                                                             )        1:18-cv-01238 (RWS)
ODEON CAPITAL GROUP LLC,                                      )
                                                             )
                              Petitioner,                     )
                                                             )
                     -and-                                    )
                                                             )
AURIGA USA, LLC,                                             )
                                                             )
                              Respondent.                     )
------------------------------------------------------------ )

**AURIGA USA, LLC's MEMORANDUM OF LAW IN**
**<u>OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD</u>**

FINN DIXON & HERLING LLP

Jeffrey Plotkin (JP1859)
Evan I. Cohen (EC3932)
Rebecca Morrow (RM7182)
Six Landmark Square
Stamford, Connecticut 06901
Tel: (203) 325-5000
Fax: (203) 325-5001

*Attorneys for Respondent Auriga USA, LLC*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND ............................................................................................................... 1

DISCUSSION .................................................................................................................... 4

A.  The Petition Must Be Vacated Because the Court Lacks Jurisdiction Over the
    Dispute ................................................................................................................... 4

    1.  FAA Section 10 Does Not Confer Subject Matter Jurisdiction on this Court ............... 4

    2.  Odeon Failed to Show that the Dispute Involves a Federal Question .......................... 5

B.  Even if the Court Has Jurisdiction Here, the Court Should Not Vacate the Award .............. 7

    1.  The Arbitrators Did Not Exceed Their Powers in Awarding Attorneys' Fees
        Because Both Parties Requested Attorneys' Fee Awards in Their Pleadings ............... 8

    2.  The Panel Did Not Manifestly Disregard the Law in Awarding Attorneys' Fees ....... 14

C.  Auriga is Entitled to Its Attorneys' Fees and Costs Incurred in Defending Against
    this Frivolous Motion ......................................................................................... 16

CONCLUSION ................................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
421 U.S. 240 (1975)............................................................................................16

*In re Arbitration Between Gen. Sec. Nat'l Ins. Co. & Aequicap Program Adm'rs*,
785 F. Supp. 2d 411 (S.D.N.Y. 2011)...................................................................15

*Bear Stearns & Co. v. Fulco*,
21 Misc. 3d 823, 939 N.Y.S.2d 790 (Sup. Ct. N.Y. Cty. 2008) ...............................6

*Caro v. Fidelity Brokerage Services, LLC*,
2014 WL 3907920 (D. Conn. Aug 11, 2014) ...................................................12, 13

*Celotex v. Catrett*,
477 U.S. 317 (1986)..............................................................................................7

*CF Global Trading, LLC v. Wassenaar*,
2013 WL 5538659, at *8-9 (S.D.N.Y. Oct. 8, 2013)........................................9, 10

*City of New York v. Mickalis Pawn Shop, LLC*,
645 F.3d 114 (2d Cir. 2011)..................................................................................7

*Darnel v. Pineiro*,
849 F.3d 17 (2d Cir. 2017).....................................................................................7

*DiRussa v. Dean Witter Reynolds Inc.*,
121 F.3d 818 (2d Cir. 1997)..................................................................................8

*Doscher v. Sea Port Grp. Sec., LLC*,
832 F.3d 372 (2d Cir. 2016)..............................................................................5, 7

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003)..............................................................................7, 14

*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*,
417 U.S. 116 (1974)............................................................................................16

*First Interregional Equity Corp. v. Haughton*,
842 F. Supp. 105 (S.D.N.Y. 1994) (Sweet, J.)........................................................10

*Matter of Goldberg v. Thelen Reid Brown Raysman & Steiner LLP*,
860 N.Y.S.2d 93, 52 A.D.3d 392 (1st Dep't 2008) .................................................6

*Goldman v. Architectural Iron Co.*,
  306 F.3d 1214 (2d Cir.2002).............................................................15

*Holland v. Wachovia Sec., LLC*,
  2009 WL 1396361 (S.D. Cal. May 15, 2009).....................................6, 7

*Jamaica Commodity Trading Co. v. Connell Rice & Sugar Co.*,
  1991 WL 123962 (July 3, 1991)..........................................................16

*Leeward Constr. Co. v. Am. Univ. of Antigua-College of Medicine*,
  826 F.3d 634 (2d Cir. 2016)..................................................................9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*,
  808 F.2d 930 (2d Cir. 1986)..................................................................4

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Savino*,
  2007 WL 895767 (S.D.N.Y. March 23, 2007) ....................................10

*PaineWebber v. Bybyk*,
  81 F.3d 1193 (2d Cir. 1996).................................................................9

*Perpetual Sec., Inc. v. Tang*,
  290 F.3d 132 (2d Cir. 2002).................................................................4

*Polin v. Kellwood Co.*,
  103 F. Supp.2d 238 (S.D.N.Y. 2000)....................................................8

*Reliastar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*,
  564 F.3d 81 (2d Cir. 2009)...................................................................9

*Salus Capital Partners, LLC v. Moser*,
  ___ F. Supp. 3d ____, 2018 WL 566409 (S.D.N.Y. Jan. 16, 2018) ........8

*Silvester Tafuro Design, Inc. v. Sachs*,
  1996 WL 257668 (S.D.N.Y. May 16, 1996) .......................................10

*Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*,
  548 F.3d 85 (2d Cir. 2008), *rev'd on other grounds*, 559 U.S. 662 (2010)............14

*T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*,
  592 F.3d 329 (2d Cir. 2010).................................................................8

*U.S. Offshore, Inc. v. Seabulk Offshore, Ltd.*,
  753 F. Supp. 86 (S.D.N.Y. 1990) .......................................................10

*U.S Steel & Carnegie Pension Fund v. Dickinson*,
  753 F.2d 250 (2d. Cir 1985)...............................................................10

iii

*United States v. American Soc. of Composers, Authors & Publishers*,
    32 F.3d 727 (2d Cir. 1994)............................................................................5

*Wallace v. Buttar*,
    378 F.3d 182 (2d Cir. 2004)......................................................................7, 14

*Zulworld Shipping, Inc. v. Prams Water Shipping Co.*,
    2013 WL 2246913 (S.D.N.Y. May 16, 2013) ..............................................8

**Statutes**

9 U.S.C. § 10(a) ...........................................................................................4, 6, 8

28 U.S.C. § 1331 ............................................................................................4, 5

28 U.S.C. § 1332..................................................................................................5

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................7

**Other Authorities**

FINRA Code of Arbitration Procedure for Industry Disputes § 13200(a) .....................................9

## PRELIMINARY STATEMENT

This Court should dismiss Odeon Capital Group, LLC's ("Odeon") Petition to Vacate Arbitration Award ("Petition") because it does not have subject matter jurisdiction over the dispute.  The Petition, which challenges a FINRA arbitration panel's award of attorneys' fees and costs to Auriga USA, LLC ("Auriga"), raises no question of federal law.  Odeon does not allege that the Court has diversity jurisdiction over this dispute, because diversity of citizenship is not present.

Even if this Court had subject matter jurisdiction over this dispute, it should deny the Petition.  Petitioner's sole argument is that the arbitrators exceeded their authority and manifestly disregarded the law by awarding attorneys' fees and costs.  That argument is frivolous.  Both parties sought attorneys' fees and costs in their pleadings, thereby granting the arbitrators full authority to award attorneys' fees and costs.

Finally, Auriga requests that the Court, under its general equitable powers, order Odeon to pay Auriga its attorneys' fees and costs incurred in responding to Odeon's meritless motion.

## BACKGROUND

On December 30, 2015, Odeon, a FINRA member broker-dealer, filed a Statement of Claim with FINRA Dispute Resolution against Auriga, another FINRA member broker-dealer, and Mihir J. Patel.  *See* Declaration of Eric R. Stern in Support of Petition to Vacate the Arbitration Award, dated February 12, 2012 ("Stern Dec.") at Ex. A.  Mr. Patel was a corporate bond trader at Odeon who joined Auriga in November 2015 along with another former Odeon bond trader.  *See id.*, Statement of Claim, at 5-6, ¶¶ 21-29.

Odeon alleged two state common law claims against Auriga, tortious interference with contract and unfair competition. *See id.* at 13-14, ¶¶ 79-87.[1]  Among other damages, Odeon sought "costs [and] . . . attorneys' fees" jointly and severally against Auriga and Mr. Patel, and "such other and further relief to Claimant as this Panel may deem just and proper." *Id.* at 15.

Along with its Statement of Claim, Odeon submitted a signed copy of FINRA's Uniform Submission Agreement, wherein Odeon acknowledged that it "hereby submit[s] the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedures of the sponsoring organization." *Id.*, FINRA Uniform Submission Agreement..

In its Answer, Auriga denied Odeon's claims, and, in its prayer for relief, requested that the Panel "award Auriga such relief as it deems just and proper, including reasonable attorneys' fees and costs as a sanction against Odeon for filing a frivolous Claim against Auriga." Stern Dec., Ex. B at 14.  Auriga also submitted a Submission Agreement along with its Answer that contained the same language in Odeon's Uniform Submission Agreement.  *See* Stern Dec. Ex. C.[2]

On January 17, 2017, after the close of discovery, Auriga filed a "Motion to Dismiss Statement of Claim for Material and Intentional Failures to Comply with the Panel's Discovery Order and for Repeated and Vexatious Discovery Misconduct."  Stern Dec., Ex. F.  In its Motion, Auriga sought dismissal of Odeon's claims and reimbursement of its attorneys' fees and costs as a sanction against Odeon for its discovery-related misconduct. *See id.* at 7-10.  By Order

---

[1] Odeon also alleged various state law common claims against Mr. Patel.  *See id.* at  9-14, ¶¶ 39-91.

[2] Mr. Patel, in his Answer, denied the claims, sought attorneys' fees, and also filed counterclaims against Odeon and third party claims against Odeon's principals for compensatory damages.  *See* Stern Dec., Ex. J at 2-3.

dated March 21, 2017, the Panel ruled that "Auriga's Motion to Dismiss is denied. The associated motion for sanctions is denied with leave to apply at the hearings." Stern Dec., Ex. G at 3.

The matter proceeded to evidentiary hearings before the arbitrators. During the course of Odeon's case-in-chief, Auriga renewed its January 17, 2017 motion for discovery misconduct, per the Panel's March 21, 2017 Order. *See* Stern Dec., Ex. J at 4. After Odeon completed its case-in-chief, Auriga moved to dismiss Odeon's claims for failure to meet its burden of proof. *Id.* On July 19, 2017, the Panel orally granted Auriga's motion. *See* Stern Dec., Ex. H at 1; Stern Dec., Ex. J at 4. The Panel, however, reserved its ruling on Auriga's motion for sanctions for discovery misconduct and vexatious litigation misconduct and asked Auriga's attorneys to submit documentation of its total attorneys' fees and expenses incurred during the course of the entire arbitration. *Id.* On July 24, 2017, Auriga submitted documentation of its attorneys' fees and expenses to the Panel. *See id.* Odeon did not file any objection or response to Auriga's submission.

On January 12, 2018, the Panel issued its Award. The Award denied Odeon's claims in their entirety and stated:

> 2. Claimant is liable for and shall pay to Respondent Auriga expenses in the amount of $47,994.00.
>
> 3. Claimant is liable for and shall pay to Respondent Auriga attorneys' fees in the amount of $353,290.00.[3] Claimant and Respondent Auriga both requested attorneys' fees.[4]

Stern Dec., Ex. J at 4 (footnotes not in original).

---

[3] The total amount of attorneys' fees Auriga incurred in the matter was $446,660.80. *See* Stern Dec., Ex. H at 2.

[4] The Panel also ordered Odeon to pay compensatory damages to Mr. Patel on his counterclaims, plus interest, plus attorneys' fees and costs. *See* Stern Dec., Ex. J at 4-5.

On February 12, 2017, Odeon filed its Petition requesting that the award be vacated pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. ch. 1 ("FAA") on the sole grounds that the arbitrators exceeded their authority and manifestly disregarded the law in awarding attorneys' fees and expenses to Auriga.[5]

## **DISCUSSION**

A.  The Petition Must Be Vacated Because the Court Lacks Jurisdiction Over the Dispute

1.  FAA Section 10 Does Not Confer Subject Matter Jurisdiction on this Court

This Court should dismiss Odeon's petition to vacate the Panel's award because the Court does not have subject matter jurisdiction over this dispute.

Odeon's Petition asks this Court to vacate the Panel's award of attorneys' fees and costs on the grounds that the award exceeded the authority of the arbitrators and was in manifest disregard of the law.  *See* Petition at 2, ¶ 7.  Odeon's Petition stated that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 10(a).  *See* Petition at 3, ¶ 10.

Section 10(a) of the FAA lists the grounds upon which a federal court may vacate an arbitration award, including "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).[6]  FAA Section 10(a), however, does not, in and of itself, confer subject matter jurisdiction on the federal courts to hear a motion to vacate an arbitration award. *See*, *e.g.*, *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002) ("Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. §10, allowing federal district courts to vacate arbitration awards, does not confer upon federal district courts subject matter jurisdiction.").

---

[5] Odeon did not move to vacate the Award with respect to Mr. Patel.

[6] "Manifest disregard of the law" is an additional judicially-created ground to vacate an award.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986).

4

Instead, a court may only exercise jurisdiction to entertain a motion to vacate under Section 10 if it has jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1331 (federal question) or § 1332 (diversity). *See id.*; *accord Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 (2d Cir. 2016) ("[T]he existence of federal-question jurisdiction over an FAA petition turns on whether the district court would possess jurisdiction over the underlying dispute under the standards of § 1331."); *United States v. American Soc. of Composers, Authors & Publishers*, 32 F.3d 727, 730-731 (2d Cir. 1994) ("State law obviously provides no basis for federal court jurisdiction, and although the Federal Arbitration Act states that federal courts may entertain applications seeking to vacate arbitration awards, *see* 9 U.S.C. § 10, it does not confer subject matter jurisdiction on a district court.").[7]

### 2. Odeon Failed to Show that the Dispute Involves a Federal Question

Odeon does not and cannot allege that this Court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332(a) because both parties are citizens of New York. *See* Petition at 2, ¶¶ 8-9. Therefore, in order for this Court to exercise subject matter jurisdiction over this matter, the Court must find that the underlying dispute arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

In its Petition, Odeon makes only a conclusory statement that this Court has jurisdiction under § 1331, but it fails to make any showing that the underlying dispute genuinely poses a federal question. Here, the underlying dispute is Odeon's challenge to the Panel's award of

---

[7] The same holds true for the judicially created "manifest disregard of the law" ground to vacate an arbitration award – the movant must show that the arbitrators manifestly disregarded federal law. *See Doscher*, 832 F.3d at 375 (holding that the court could not exercise federal question jurisdiction over a motion to vacate because the movant failed to allege that the arbitration panel manifestly disregarded a rule of federal law; instead the movant only alleged that that panel disregarded FINRA arbitration rules, which do not constitute federal law).

attorneys' fees and costs against Odeon.[8]  *See* Petition at 2, ¶ 7.  Both parties requested an award of attorneys' fees and costs in their arbitration pleadings.  A review of the pleadings shows that neither of the parties' requests for attorneys' fees and costs was made under the Constitution, laws, or treaties of the United States.

The Panel granted the requested relief in favor of Auriga, noting that both sides had sought attorneys' fees.  The Award reveals that the Panel did not purport to award attorneys' fees and expenses under the Constitution, laws, or treaties of the United States.  As more fully discussed below, an arbitration panel's authority to award attorneys' fees, where both parties request attorneys' fees, flows from the state common law concept of mutual consent, not from the United States Constitution, federal statute, or federal treatise.  *See*, *e.g.*, *Matter of Goldberg v. Thelen Reid Brown Raysman & Steiner LLP*, 860 N.Y.S.2d 93, 52 A.D.3d 392, 393 (1st Dep't 2008) ("[M]utual demands for counsel fees in an arbitration proceeding constitute, in effect, an agreement to submit the issue to arbitration, with the resultant award being valid and enforceable[.]"); *Bear Stearns & Co. v. Fulco*, 21 Misc. 3d 823, 939 N.Y.S.2d 790, 797 (Sup. Ct. N.Y. Cty. 2008) ("[A]s there exists a legally viable basis for the award of attorneys' fees based on the parties' mutual request for such fees and/or parties' agreement to arbitrate, it cannot be said that arbitrators exceeded their authority in awarding such fees or that the Award violated public policy.").

On a motion to vacate an arbitration award pursuant to Section 10(a) of the FAA, where there is no diversity jurisdiction, and where the only dispute concerns an award of attorneys' fees, a federal court has no subject matter jurisdiction over a motion to vacate the award unless the attorneys' fees award was based on federal law.  *See Holland v. Wachovia Sec., LLC*, 2009

---

[8] In its Statement of Claim, "Petitioner . . . asserted two causes of action against . . . Auriga [] for tortious interference and unfair competition" (Petition at 3, ¶ 14) – both common law claims under New York law.  Odeon, however, is not challenging the Panel's dismissal of these claims.

WL 1396361 at *4 (S.D. Cal. May 15, 2009) (holding that federal courts do not have federal question jurisdiction over a motion to vacate a FINRA arbitration award of attorneys' fees on the ground of manifest disregard for the law, where the arbitration Panel awarded attorneys' fees under a fee shifting provision in a state statute and did not rely upon an analogous federal statute).[9]

Because Petitioner failed to show, and cannot show, that the arbitrators' award of attorneys' fees arose under federal law, the Court must dismiss this case for lack of subject matter jurisdiction.

### B.  Even if the Court Has Jurisdiction Here, the Court Should Not Vacate the Award

Even if this Court, *sua sponte*, is able to locate a basis upon which to exercise subject matter jurisdiction, it should deny Odeon's Petition to vacate the panel's award of attorneys' fees and expenses to Auriga.[10]

> A motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award.  "It is well established that courts must grant an arbitration panel's decision great deference.  A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."

*Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004), *quoting Duferco Int'l Steel Trading v. T.*

*Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  "Vacatur of arbitral awards is

---

[9] To the extent Odeon is arguing that the Panel exceeded its powers under FINRA Rules, this Court still lacks jurisdiction over the dispute.  *See Doscher*, 832 F.3d at 374 (federal courts have no federal jurisdiction over a petition to vacate a FINRA Arbitration Award based on the arbitrators' failure to follow the FINRA arbitration rules).

[10] Procedurally, federal district courts treat a motion to vacate an arbitral award as akin to a motion for summary judgment.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011).  The standard for granting summary judgment is well established.  "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Darnel v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017).

extremely rare, and justifiably so." *Salus Capital Partners, LLC v. Moser*, ___ F. Supp. 3d ____, 2018 WL 566409 at \*5 (S.D.N.Y. Jan. 16, 2018) (quotation marks and citation omitted).

"The party moving to vacate an award has the burden of proof by clear and convincing evidence." *Zulworld Shipping, Inc. v. Prams Water Shipping Co.*, 2013 WL 2246913, at \*2 (S.D.N.Y. May 16, 2013); *see also Polin v. Kellwood Co.*, 103 F. Supp.2d 238, 257 (S.D.N.Y. 2000) ("Under the FAA, the validity of an award is subject to attack only on those grounds listed in § 10, and the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist by clear and convincing evidence.") (quotation marks and citations omitted).

Odeon's Petition fails to overcome the substantial legal hurdles required to vacate the Award in this matter.

### 1. The Arbitrators Did Not Exceed Their Powers in Awarding Attorneys' Fees Because Both Parties Requested Attorneys' Fee Awards in Their Pleadings

The Second Circuit has consistently accorded "the narrowest of readings" to the FAA's authorization to vacate awards pursuant to Section 10(a)(4) on the ground that the arbitrators exceeded their authority. *See T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 342 (2d Cir. 2010). That strict limit on a reviewing court's power to vacate an award is intended to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation. *Id.*

A court's inquiry under Section 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997). If the arbitrators offer even a "barely colorable" justification of their authority to enter an award, the court should not vacate the award on the basis that the

arbitrators exceeded their authority.  *See*, *e.g.*, *Leeward Constr. Co. v. Am. Univ. of Antigua-College of Medicine*, 826 F.3d 634, 640 (2d Cir. 2016).

First, the arbitrators here had the inherent authority to award attorneys' fees and costs. Odeon and Auriga, as FINRA member firms, broadly agreed to arbitrate all disputes that might arise between them.[11] Neither the FINRA Arbitration Code nor the parties' Submission Agreements contained any express limitation with respect to the arbitrators' authority to award attorneys' fees and costs.  Under these circumstances, the Panel had the authority to award Auriga its attorneys' fees and costs, either as a sanction against Odeon for filing an arbitration claim in bad faith or in favor of Auriga as the prevailing party.  *See Reliastar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86-89 (2d Cir. 2009) (*sua sponte* awarding attorneys' fees against a party as a sanction for arbitrating in bad faith, even though (1) the parties' arbitration agreement stated that each party would bear their own attorneys' fees, and (2) the prevailing party did not request the attorneys' fees award); *PaineWebber v. Bybyk*, 81 F.3d 1193, 1202 (2d Cir. 1996) (holding that the parties' arbitration agreement did not impose any substantive restrictions on the parties' rights under the FAA to arbitrate claims for attorneys' fees, even though the arbitration agreement stated it would be governed by the laws of the State of New York, which do not allow attorneys' fees to be submitted to an arbitrator unless the parties' arbitration agreement expressly provides otherwise).

Second, and more pertinent to the Panel's Award,  it is well-established that when parties to an arbitration mutually request an award of attorneys' fees, they grant the arbitrators the authority to award attorneys' fees.  *See*, *e.g.*, *CF Global Trading, LLC v. Wassenaar*, 2013 WL

---

[11] *See* FINRA Code of Arbitration Procedure for Industry Disputes § 13200(a) ("Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among  . . . Members").  The Uniform Submission Agreement, that FINRA requires all parties to sign and submit along with their pleadings, in effect serves as the parties' arbitration agreement.

5538659, at *8-9 (S.D.N.Y. Oct. 8, 2013) ("[B]ecause both parties had addressed the issue of—and, indeed, sought—attorneys' fees, the Panel was properly vested with authority to award such fees."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Savino*, 2007 WL 895767, at *18 (S.D.N.Y. March 23, 2007) (where both parties signed NYSE Uniform Submission Agreements agreeing to arbitrate the issues raised in the pleadings, and both parties sought attorneys' fees during the course of the proceedings, the parties "acquiesced" to an award of attorneys' fees); *Silvester Tafuro Design, Inc. v. Sachs,* 1996 WL 257668, at *4 (S.D.N.Y. May 16, 1996) ("[B]oth parties included a demand for attorneys' fees in their submissions to the arbitrator. By so doing, the parties placed that issue before the arbitrator regardless of the terms of the Contract."); *U.S. Offshore, Inc. v. Seabulk Offshore, Ltd.*, 753 F. Supp. 86, 92 (S.D.N.Y. 1990) ("If both parties sought attorney's fees, as was apparently the case here, then both parties agreed *pro tanto* to submit that issue to arbitration, and the arbitrators had jurisdiction to consider that issue and to award them.").[12]

The Panel's statement in its Award that "Claimant and Respondent Auriga both requested attorneys' fees" therefore represents more than a "barely colorable" justification for the outcome reached, and should end the discussion whether this Court should vacate the Award on the ground the Panel exceeded its authority. *See U.S Steel & Carnegie Pension Fund v. Dickinson,* 753 F.2d 250, 253 (2d. Cir 1985) ("Because arbitrator Beilstein has provided more than a colorable justification for his decision, we conclude that he acted within the scope of his power.").

---

[12] Arbitrators may properly award attorneys' fees even where only one of the parties requested attorneys' fees. *See First Interregional Equity Corp. v. Haughton*, 842 F. Supp. 105, 112 (S.D.N.Y. 1994) (Sweet, J.) (where the parties agreed in their Uniform Submission Agreements to submit the controversy set forth in the Statement of Claim to arbitration, and the claimant's Statement of Claim requested attorneys' fees, the arbitrators were empowered to award attorneys' fees to the claimant, even though the respondent did not also request attorneys' fees).

Yet Odeon argues that the Panel's statement in its Award that both parties requested attorneys' fees is "completely <u>FALSE</u>."  Memorandum of Law in Support of Petitioner's Motion to Vacate Arbitration Award, dated February 12, 2018 ("Mem. Law") at 1 (capitalization and emphasis in original).  Odeon contends: "Because Auriga never requested attorneys' fees – either in pleadings or by motion, but rather only as a sanction under FINRA Rules, which sanctions were specifically denied per the Award, the Panel granted Auriga relief it never requested thus warranting vacatur of the Award."  *Id.* at 4.

Odeon's argument misstates and mischaracterizes the record.  Auriga made two separate and distinct requests for attorneys' fees and costs.  The first request was contained in its prayer for relief in its Answer and referenced Odeon's bad faith conduct in connection with the filing of its Statement of Claim.  *See* Stern Dec., Ex. B at 14.  Contrary to Odeon's contention, Auriga did not make that first request pursuant to any FINRA Rule (similarly, Odeon did not make its own request for attorneys' fees and costs in its Statement of Claim pursuant to any FINRA Rule).

Auriga's second request for attorneys' fees and costs was contained in a motion to dismiss in connection with Odeon's misconduct during the discovery phase of the proceeding (the Panel termed the attorneys' fees request in the motion as "[t]he associated motion for sanctions").  *See* Stern Dec., Ex. F at 7-10; *id.* Ex. G, Attachment A at 1.  That request was predicated on specific FINRA Rules that authorized the Panel to award sanctions against a party, including attorneys' fees and costs, for failure to comply with the Panel's discovery rulings and for other discovery-related misconduct.  *See id.*, Ex. F at 7-10.  The Panel denied the motion, with leave to reapply at the hearing.  Auriga renewed its motion for sanctions during the hearings.  *See id.*, Ex. J at 4.

After Odeon completed its case-in-chief, Auriga moved to dismiss Odeon's claims for failure to meet its burden of proof. The Panel granted Auriga's motion to dismiss Odeon's case for failure to proof, but reserved its ruling on Auriga's motion for sanctions for discovery misconduct. *See id.* In the Award, the Panel specifically awarded Auriga its attorneys' fees and costs, and also ruled that "Auriga's Motion for Sanctions is denied." *Id.* at 5.

Contrary to Odeon's argument, Auriga's two separate and distinct requests for attorneys' fees and expenses, related to Odeon's conduct during different phases of the arbitration, were not inextricably intertwined and did not stand and fall together. *See* Mem. Law at 11. The Panel, after due deliberation, denied Auriga's "motion" for attorneys' fees and costs, but granted Auriga's prayer for attorneys' fees and costs in its Answer. *See* Stern Dec., Ex. J at 3-5. In the Award, the Panel specifically referenced the fact that both sides had requested attorneys' fees and costs, setting forth its authority to award attorneys' fees and costs to Auriga. *See id.* at 3. Based on the established case law discussed above, the Panel acted fully consistent with its authority and/or provided a more than "barely colorable" justification for its award.

Odeon cites *Caro v. Fidelity Brokerage Services, LLC*, 2014 WL 3907920 (D. Conn. Aug 11, 2014) as "instructive." *See* Mem. Law at 7. That opinion, however, undermines Odeon's argument. In *Caro*, claimant Caro appeared *pro se* on behalf of himself and his claimant corporation in an arbitration and asserted claims against Fidelity. After a full evidentiary hearing on the merits, the arbitrators awarded attorneys' fees to Fidelity "pursuant to both parties' request for attorneys' fees in their pleadings, during the hearing, and in their post hearing submissions." *Id.* at *12. The claimants moved to vacate the award on the grounds that the arbitrators exceeded their powers. *Id.* at *3.

The district court found that there was no evidence that either party requested attorneys' fees incurred during the arbitration proceeding: "In making their award, the arbitrators did not quote, cite to, or identify the parties' requests for attorneys' fees 'in their pleadings, during the hearing, and in their post hearing submissions.'" *Id.* at *12. The court presumed that the arbitrators were referring to claimants' First Statement of Claim, which recounted in detail the state and federal court proceedings to which Fidelity had subjected the claimants prior to the arbitration. *See id*. The court found that claimants' request for "attorneys' fees" was for recovery of their attorneys' fees incurred in connection with these prior proceedings:

> There may be some ambiguity in these references to "attorneys' fees." The statements were apparently prepared by a layman. They do not specify or distinguish between attorneys' fees previously incurred during the earlier litigation, and attorneys' fees about to be incurred during the arbitration. The sensible reading is that Claimants had in mind only former, particularly since Caro was preparing to represent the Claimants *pro se* in the arbitration, and would not incur any attorneys' fees.

*Id.* at *13.

The court noted that claimants' post-hearing submission fully clarified that they intended the phrase "attorneys' fees" to mean the fees claimants had paid in the pre-arbitration litigation and sought to recover from Fidelity in the arbitration. *See id.* The court ruled that this one reference to "attorneys' fees" in claimants' First Statement of Claim was insufficient to establish that both sides mutually consented to attorneys' fees award. *See id.* In light of the fact that no evidence existed supporting the Panel's rationale for the award – that both parties' pleadings requested their attorneys' fees incurred in connection with the arbitration – the court vacated the award because it exceeded the arbitrators' authority. *See id.* 12-14.

Here, unlike in *Caro*, there is no doubt that both parties requested attorneys' fees and costs in their pleadings. There is no doubt that the attorneys' fees and costs requested by both parties related solely to the fees and costs they would incur during the course of the arbitration

proceeding.  And there is no doubt that the Panel correctly stated in its Award that both sides sought attorneys' fees and costs in their pleadings.

In sum, Odeon failed to prove by clear and convincing evidence that the Panel exceeded its powers by awarding Auriga its attorneys' fees and expenses.

## 2.  The Panel Did Not Manifestly Disregard the Law in Awarding Attorneys' Fees[13]

To constitute manifest disregard of the laws, the court must find that the "arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it." *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 95 (2d Cir. 2008), *rev'd on other grounds*, 559 U.S. 662 (2010).

Federal courts cannot vacate arbitration awards because they are "convinced that the arbitration panel made the wrong call on the law." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004).  In contrast, arbitration awards should be enforced, even if courts disagree with the merits, "if there is a *barely colorable justification* for the outcome reached."  *Id.* at 190 (emphasis in original) (internal citations omitted).  Awards are vacated on grounds of manifest disregard of the law only in those "exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferto Int'l Steel Trading*, 333 F.3d at 389.

Odeon's Petition does not contend that the parties briefed the Panel on the legal issues surrounding this dispute, *i.e.*, the Panel's authority to award attorneys' fees (as a sanction for filing bad faith claims, or otherwise) where both parties sought their attorneys' fees and costs in their pleadings.  Odeon does not contend in its Petition that any party brought this issue to the

---

[13] While Odeon makes a fleeting reference in its Preliminary Statement to its Memorandum of Law that the award must be vacated for manifest disregard of the law, *see* Mem. Law at 1, Odeon focused exclusively in its Memorandum of Law on its argument that the Panel exceeded its powers.

Panel's attention at any time during the arbitration proceedings. Odeon's Petition therefore fails to meet the standards required for asserting manifest disregard of the law. *See Goldman v. Architectural Iron Co.,* 306 F.3d 1214, 1216 (2d Cir.2002) ("Given the deference afforded arbitration decisions, this standard requires more than a mistake of law or a clear error in fact finding. Manifest disregard can be established only where a governing legal principle is well defined, explicit, and clearly applicable to the case, and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature.") (quotations and citations omitted).

Nonetheless, from the face of the Award, it is clear that the arbitrators knew and appreciated the relevant legal principle that controlled the dispute's outcome, *i.e.*, that where both parties to an arbitration seek attorneys' fees and expenses in their pleadings, the arbitrators are authorized to award attorneys' fees and expenses in favor of either party. And rather than willfully flouting that governing law by refusing to apply it, the Panel applied it. Odeon has not referenced any "egregious impropriety on the part of the arbitrators" by awarding attorneys' fees to Auriga instead of Odeon, and none is apparent. *In re Arbitration Between Gen. Sec. Nat'l Ins. Co. & Aequicap Program Adm'rs,* 785 F. Supp. 2d 411, 419 n.6, 422-23 (S.D.N.Y. 2011) (rejecting argument of manifest disregard where case law showing that "parties may acquiesce to a fee award by demanding attorneys' fees during an arbitration. . . . far exceeds the requirement that there be a barely colorable justification for the Panel's outcome").

Accordingly Odeon failed to meet its heavy burden of proving that the Panel manifestly disregarded the law in awarding attorneys' fees and expenses to Auriga.

C.  Auriga is Entitled to Its Attorneys' Fees and Costs Incurred in Defending Against this Frivolous Motion

This Court should award attorneys' fees and costs to Auriga in defending against Odeon's Petition because Odeon's challenge to the arbitrators' award is wholly devoid of merit.

In general, a federal district court has discretion to award attorneys' fees "where the losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (*quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 129 (1974)).

In the arbitration context, attorneys' fees are warranted where a party's refusal to comply with the arbitrator's decision was in bad faith or frivolous.  *See Jamaica Commodity Trading Co. v. Connell Rice & Sugar Co.*, 1991 WL 123962 at *5 (July 3, 1991) ("Connell Rice's motion to vacate the award under circumstances where it clearly had no reasonable chance of prevailing warrants the imposition of attorneys' fees and costs.")

Odeon not only filed a substantively frivolous motion to vacate, it filed it in the wrong court – despite decades of clear Second Circuit precedent that the federal district courts do not have jurisdiction to vacate arbitration awards under Section 10 of the FAA in the absence of independent subject matter jurisdiction over the underlying dispute.  Odeon's Petition did not even try to set forth a basis for independent subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Auriga respectfully requests that the Court enter judgement dismissing Odeon's Motion to Vacate and ordering Odeon to reimburse Auriga for its reasonable attorneys' fees and costs incurred in connection with opposing Odeon's motion.

Dated: March 7, 2018
Stamford, Connecticut


Respectfully submitted,

FINN DIXON & HERLING LLP

By: ____/s/ Jeffrey Plotkin____
        Jeffrey Plotkin (JP1859)
        Evan I. Cohen (EC3932)
        Rebecca Morrow (RM7182)
        jplotkin@fdh.com
        ecohen@fdh.com
        rmorrow@fdh.com
        Six Landmark Square
        Stamford, Connecticut 06901
        Tel: (203) 325-5000
        Fax: (203) 325-5001

        *Attorneys for Respondent Auriga USA, LLC*

## **CERTIFICATION**

I hereby certify that on March 7, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By: /s/ Jeffrey Plotkin
      Jeffrey Plotkin (JP1859)
      FINN DIXON & HERLING LLP
      Six Landmark Square
      Stamford, CT 06901
      Tel: (203) 325-5000
      Fax: (203) 325-5001
      E-mail: jplotkin@fdh.com