# SACK & SACK, LLP

ATTORNEYS-AT-LAW
70 EAST 55TH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10022
PHONE: (212) 702-9000 • FAX: (212) 702-9702

**Eric R. Stern**
e-mail: EStern@SackandSack.com

March 8, 2018

**VIA ECF:**
Hon. Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl St., Courtroom 18C
New York, NY 10007-1312

      Re:   **Odeon Capital Group LLC v. Auriga USA, LLC**
                **Civil Action No. 1:18-cv-01238-RWS**

Dear Judge Sweet:

    We represent Petitioner, Odeon Capital Group LLC ("*Odeon*" or "*Petitioner*"), in the above referenced action.

    We write this letter pursuant to Rule 1.A of Your Honor's Individual Rules of Practice seeking the Court's consent to voluntarily dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The basis of our request follows a review of Respondent's position that this Court lacks subject matter jurisdiction over Petitioner's action to vacate a FINRA Arbitration, despite being made pursuant to the Federal Arbitration Act. Furthermore, while it is not completely clear whether Petitioner could voluntarily withdraw this action under FRCP 41(a)(1) since neither an answer nor a motion for summary judgment had been filed by Respondent, in the interest of time and judicial efficiency, erring on the side of caution, Petitioner makes this application under FRCP 41(a)(2).

    Petitioner is prepared to re-file in the New York State Supreme Court for precisely the same relief sought in this instant action.

**BACKGROUND**

    By way of background, Petitioner commenced this action on February 12, 2018 seeking to vacate a FINRA Arbitration Award.

    On February 13, 2018, Petitioner's counsel notified Respondent, Auriga USA, LLC ("*Auriga*" or "*Respondent*"), of this action by email to its counsel.

    On February 23, 2018, Respondent's Counsel accepted service of the Petition. (See, Exhibit "A"). At that time, Respondent's Counsel asserted that this Court did not have subject matter jurisdiction over this action and requested that Petitioner withdraw its Petition.

SACK & SACK, LLP

Hon. Robert W. Sweet
March 8, 2018
Page 2

On February 27, 2018, Petitioner's counsel notified Respondent's counsel that we would review the contents of Respondent's February 23rd email, and inform them as to how we would proceed.

Neither the Petitioner nor Respondent followed up with each other prior to yesterday. (Coincidentally, Petitioner's counsel was involved in two unexpected Injunction Hearings last week in New York State Supreme Court, where we bumped into Mr. Plotkin's partner, who was on the Odeon Matter, outside the Courthouse.)

Prior to yesterday, March 7, 2018, Petitioner decided to proceed with withdrawing the Petition from this Court and refiling in New York State Supreme Court and had commenced preparing the appropriate pleadings for a State Court petition on the same grounds.

Yesterday, on March 7, 2018, Respondent filed its opposition to Petitioner's Petition.

Having realized that we should have contacted Respondent of our decision to withdraw the moment such decision was made, immediately following Respondent's March 7th filing, Petitioner communicated to Respondent's counsel that it had intended to complete the State Court filing and sought to stipulate with Respondent to withdraw this action for State Court filing.

Respondent did not freely consent.

### THIS COURT SHOULD GRANT PETITIONER'S
### REQUEST TO VOLUNTARILY WITHDRAW THIS ACTION

Based upon the specific facts and circumstances present in this instance, this Court is well within its sound preferred discretion to permit Petitioner to voluntarily dismiss this action under FCRP 41(a)(2) for immediate re-filing in State Court.  In re Bank of Am. Mortg. Servicing Shareholder Derivative Litig., 11 CIV. 2475 WHP, 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012) ("Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result").

In determining whether a defendant will suffer substantial prejudice, courts consider (1) "the plaintiff's diligence in bringing the motion"; (2) "any undue vexatiousness on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss."  Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks omitted); see, also, Ibeto Petrochem. Indus. Ltd. v. M/T Beffen, 475 F.3d 56, 61 (2d Cir. 2007).

While no single Zagano factor is dispositive, courts generally will allow dismissal without prejudice absent a showing that defendants will be substantially prejudiced as a result.  See, Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 (2d Cir.1985); Icon Licensing Group, LLC v. Innovo Azteca Apparel, Inc., No. 04–CV–7888 (KMK), 2005 WL 992001, at * 2 (S.D.N.Y. Apr.

SACK & SACK, LLP

Hon. Robert W. Sweet
March 8, 2018
Page 3

27, 2005); Thomas v. N.Y. State Dep't of Corr. Servs., No. 00 Civ. 7163, 2004 WL 1871060, at *2 (S.D.N.Y. Aug. 20, 2004). Significantly, the prospect of "starting a litigation all over again does not constitute legal prejudice." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) (citing Jones v. SEC, 298 U.S. 1, 19 (1936)).

In this instant matter, Petitioner's request is based solely upon the question of jurisdiction. The underlying facts of the contemplated State Court action are identical. Similarly, the merits of Respondent's opposition will be identical as well.

Because Respondent will not be substantially prejudiced, the Court should enter an Order permitting Petitioner to voluntarily dismiss this action pursuant to FRCP 41(a)(2).

For the Court's convenience, Petitioner has attached a Proposed Order to this effect.

Respectfully submitted,

SACK & SACK, LLP

*Eric Stern*

Eric R. Stern

cc:     All Counsel, via ECF