

**FINN DIXON & HERLING**
ATTORNEYS AT LAW

Evan Cohen
(203) 325-5069
ecohen@fdh.com

March 9, 2018

**Via ECF:**

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007-1312

      Re:   *Odeon Capital Group LLC v. Auriga USA, LLC*
              Civil Action No. 1:18-cv-01238-RWS

Dear Judge Sweet:

      We represent respondent Auriga USA, LLC ("Auriga") in the above captioned matter. Pursuant to Rule 1.A of Your Honor's Individual Practice Rules, this letter responds to Eric Stern's March 8, 2018 letter that requested the Court allow his client, Odeon Capital Group LLC ("Odeon") to voluntarily dismiss its Petition to Vacate Arbitration Award ("Petition") pursuant to F.R.C.P. 41(a)(2).

      As Mr. Stern conceded in his letter, the Petition must be dismissed because the Court lacks subject matter jurisdiction over the dispute. As discussed below, if the Court grants Mr. Stern's request for a voluntary dismissal, it should also order Odeon to pay Auriga its reasonable attorneys' fees and costs for preparing and filing its memorandum of law in opposition to the Petition (Docket No. 5).

      When this law firm accepted service of the Petition on behalf of Auriga on February 23, 2018, we immediately informed Mr. Stern that this Court lacked subject matter jurisdiction over the Petition and provided him with the case law that definitively demonstrated that he had filed the Petition in the wrong court. We further informed Mr. Stern that if he did not promptly withdraw the Petition and we were forced to file an opposition brief, we would seek reimbursement of Auriga's attorneys' fees and expenses reasonably incurred in preparing that opposition. *See* Exhibit A annexed hereto.

      Mr. Stern responded four days later, on February 27, 2018, stating that his law firm was "reviewing the contents" of our email and "will circle back shortly as to how we will proceed." *See id.* Mr. Stern, however, never circled back. Two days shy of Auriga's deadline to file its opposition, and having not heard anything from Odeon's counsel in the eight days after Mr. Stern's email, Auriga filed its opposition papers with the Court. In its papers, Auriga requested that the Court, pursuant to its general equitable powers, order Odeon to reimburse Auriga for its

FINN DIXON & HERLING LLP • SIX LANDMARK SQUARE, STAMFORD, CT 06901-2704 • T 203.325.5000 • F 203.325.5001 • WWW.FDH.COM

Honorable Robert W. Sweet
March 9, 2018
Page 2

attorneys' fees and expenses incurred in responding to a Petition that clearly had been filed in the wrong court (and was otherwise substantively without merit).

Upon receipt of our filing, Mr. Stern's associate, Alex Seidenberg, forwarded to us a proposed one sentence stipulation of withdrawal. In his cover email, Mr. Seidenberg stated:

> As mentioned in Eric Stern's email of last week in response to your request that we withdraw the Petition from Federal Court based upon jurisdictional reasons (among others), we had contemplated the concerns in your letter and had indeed decided to remove the case from Federal Court and proceed in State Court.
>
> I had prepared the papers to be filed but had to appear on two Orders to Show Cause in State Supreme Court last week (where we actually saw Evan Cohen outside the Courthouse) and had been unable to finalize the papers because of these unexpected required Court appearances. Perhaps we should have communicated our intention to you sooner.

Exhibit B annexed hereto.

We replied that we agreed that his law firm should have communicated its intention to withdraw the Petition to us sooner and that Mr. Seidenberg's explanations were "no excuse for your firm's failure to promptly notify us that it intended to withdraw the Petition, so as to save us the time, effort and cost of opposing the Petition." We stated we would not enter into any stipulation with Odeon to dismiss the Petition unless and until Odeon (or his law firm) reimbursed Auriga for its attorneys' fees and expenses incurred in opposing the Petition. *See id.*

In our very first communication with Mr. Stern regarding the Petition, we notified him that the Petition was filed in the wrong court and that if we were forced to oppose the Petition we would seek our attorneys' fees and costs. Mr. Stern had a reasonable opportunity to withdraw the Petition without penalty. Notwithstanding the fact that Mr. Stern knew that the Petition was filed in the wrong court (as he has now acknowledged), he failed to take any action to avoid imposing unnecessary attorneys' fees and expenses on Auriga. Indeed, in his March 8, 2018 letter, Mr. Stern admits that he "should have contacted Respondent of our decision to withdraw [the Petition] the moment such decision was made." Docket No. 9 at 2. His failure, however, to extend the simple courtesy of informing us that he had decided to voluntarily withdraw the Petition caused Auriga to incur unnecessary attorneys' fees and expenses. Under these circumstances, any Order from this Court allowing Odeon to voluntarily withdraw the Petition should require that Odeon pay Auriga's attorneys' fees and expenses for filing its opposition to the Petition.

Honorable Robert W. Sweet
March 9, 2018
Page 3

       Thank you for your attention to this matter.

                                              Very truly yours,

                                              Evan Cohen

Enclosures

cc:    All counsel of record via ECF