UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
In the Matter of Arbitration of Certain Controversies between,     :
                                                                    :   Case No. 18-cv- 01238-RWS
ODEON CAPITAL GROUP LLC,                                            :
                                                                    :
                                        Petitioner,                 :
                                                                    :
                        — and —                                     :
                                                                    :
AURIGA USA, LLC,                                                    :
                                        Respondent.                 :
                                                                    :
-------------------------------------------------------------------- x


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PETITIONER'S MOTION TO VACATE ARBITRATION AWARD**


S A C K  &  S A C K ,  L L P

Attorneys for Petitioner
70 East 55th Street, 10th Floor
New York, New York 10022-2050
(212) 702-9000

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 3

   I.   THE PANEL EXCEEDED ITS AUTHORITY IN AWARDING ATTORNEYS' FEES NOT REQUESTED BY AURIGA THEREBY WARRANTING VACATURE UNDER THE FAA ............................................................ 3

        A.   There Is No Colorable Basis for the Panel's Award of Attorneys' Fees and Costs to Auriga Because the Panel Denied Auriga's Request for Attorneys' Fees "As A Sanction" ............................................................................................................ 5

   II.   AURIGA'S REQUEST FOR ATTORNEYS' FEES AND COSTS INCURRED IN OPPOSING THIS MOTION SHOULD BE DENIED ............................................ 9

CONCLUSION .......................................................................................................................... 11

## **TABLE OF AUTHORITIES**

### **CASES**

187 Concourse Assocs. v. Fishman, 399 F.3d 524, 527 (2d Cir.2005) ................................................................................................................... 3, 9

Agee v. Paramount Communications, Inc., 114 F.3d 395, 398 (2d Cir.1997) ....................................................................................................... 10

Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975) .................................................................................................... 9

AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 651 (1986) .......................................................................... 4, 6

Banco de Seguros del Estado v. Mut. Mar. Off., Inc., 344 F.3d 255, 262 (2d Cir. 2003) ................................................................................ 3

C&D Technologies, Inc. v. International Ass'n of Heat and Frost Insulators & Asbestos Workers, 303 F. Supp. 2d 468 (S.D. N.Y. 2004) ......................................................................................................... 6

Caro v. Fid. Brokerage Services, LLC, 2014 WL 3907920, at *13 (D. Conn. Aug. 11, 2014) .................................................................... 7

Chambers v. NASCO, Inc., 501 U.S. 32, 46, (1991) ..................................................................... 9

Dighello v. Busconi, 673 F.Supp. 85, 87 (D. Conn. 1987), aff'd mem., 849 F.2d 1467 (2d Cir. 1988) ......................................................... 5

DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 824 (2d Cir.1997) ....................................................................................................... 3

Doyle v. Turner, 90 F. Supp. 2d 311, 323 (S.D.N.Y. 2000) ........................................................ 9, 10

Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512 (2d Cir. 1991) ................................................ 5

Financial Clearing & Services Corp. v. Katz, 172 A.D.2d 290, 290-91, 568 N.Y.S.2d 382 (1st Dept. 1991) ............................................. 10

First Interregional Equity Corp. v. Haughton, 842 F.Supp. 105, 112 (S.D.N.Y.1994) .................................................................................................................. 6

Hall v. Cole, 412 U.S. 1, 5 (1973) ............................................................................... 9

Jock v. Sterling Jewelers Inc., 646 F.3d 113, 122 (2d Cir. 2011) ................................ 6

Local 1199 v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992) ................................ 3

Melun Industries, Inc. and Strange, 898 F. Supp. 990 (S.D.N.Y. 1990) ..................................................................................................................... 6

Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir .1987) ......................................... 6

Sammi Line Co. v. Altamar Navegacion S.A., 605 F.Supp. 72, 73–74 (S.D.N.Y.1985) ................................................................................................... 6

Silvester Tafuro Design, Inc. v. Sachs, No. 96 cv 1271(DC), 1996 WL 257668, *4 (S.D.N.Y. May 16, 1996) ............................................................... 6

Synergy Gas Co. v. Sasso, 853 F.2d 59, 64–65 (2d Cir.1988) .................................... 6

**STATUTES**

9 U.S.C.A. § 10(a)(4) .............................................................................................. 6, 9

CPLR § 7511(b)(1) ..................................................................................................... 10

# **PRELIMINARY STATEMENT**

Though Auriga relies upon the broad discretion conferred unto a FINRA panel, they are still unable to demonstrate that it requested the relief of attorneys' fees as a standalone form of relief and not merely as a specific form of remedy for their request for sanctions. Having failed to do so, it cannot now turn back time and ask for that relief *retroactively* to justify the Panel imposing its *own brand of industrial justice*.

It is impossible for Auriga to demonstrate an independent request for attorneys' fees because it never did so. In every case Auriga cites where this Court has upheld an award of attorneys' fees by a FINRA Panel (absent statutory or contractual entitlement to such fees), the awarded party demonstrated from the record – *at least once* – that they made a standalone request for such award of attorneys' fees.

This is a <u>unique</u> case where Auriga is absolutely unable to point to a single rule, statute or contract that would entitle them to a sua sponte award of attorneys' fees ***without*** requesting such award first.

Even construing broadly the breadth of the Panel's authority to make decisions about controversies submitted to them due to the language of FINRA's uniform submission agreement, there is still a requirement that a party request relief in order for the Panel to consider the issue of attorneys' fees.

Here, Auriga submitted a request for attorneys' fees only *as a form of sanction* in every instance.

In every single submission made by Auriga to the Panel where they purportedly request an award of attorneys' fees, the requested award was *contingent* upon a finding of sanctions. The Panel confirms this in the Award itself.

1

Indeed, Odeon could never have expected the Panel to award Auriga attorneys' fees if they were to deny Auriga's numerous motions for sanctions because the relief of attorneys' fees in the absence of sanctions was *never* requested by Auriga for the Panel to consider. The request Auriga made to the Panel for attorneys' fees was only "as a sanction."

And even though the scope of judicial review by a district court may be limited, an arbitration award may still be vacated upon under 9 U.S.C. § 10(a) of the Federal Arbitration Act where, among other factors, "the arbitrators exceeded their powers, or so imperfectly executed them ***that a mutual, final, and definite award upon the subject matter submitted was not made***."

The Award here could *not* have been **mutual** or **definite** because the Panel's award of attorneys' fees to Auriga after denying them sanctions was not based upon "the subject matter submitted" and thus a mutual award "was not made."

It is undisputed that the Panel's power to award sanctions is pursuant to FINRA Code of Arbitration Procedure Rule 13212(a), which sets forth the type of sanctions.

Rule 13212(a) specifically states that "sanctions may include, but are not limited to:

- Assessing monetary penalties payable to one or more parties;
- Precluding a party from presenting evidence;
- Making an adverse inference against a party;
- Assessing postponement and/or forum fees; and
- ***Assessing attorneys' fees, costs and expenses.***"

It was under this fifth bullet point, and this point **only**, that Auriga submitted the issue of attorneys' fees to the Panel for a ruling, which the Panel specifically denied.

Thus, having denied Auriga's motion for sanctions, the Panel's award of attorneys' fees *out of the blue* is indeed the Panel's "own brand of industrial justice" that a Panel – even under the

2

broad scope of power conferred by FINRA and the high standard for vacatur under the FAA – is prohibited from dispensing. 187 Concourse Assocs. v. Fishman, 399 F.3d 524, 527 (2d Cir.2005) (internal quotation marks omitted).

**ARGUMENT**

I. **THE PANEL EXCEEDED ITS AUTHORITY IN AWARDING ATTORNEYS' FEES NOT REQUESTED BY AURIGA THEREBY WARRANTING VACATURE UNDER THE FAA**

Section 10(a)(4) of the FAA, which the Petitioners invoke in seeking to vacate the Award, provides grounds for vacatur where, among other reasons, "the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(4).

Thus, in considering a Section 10(a)(4) challenge, the Court's inquiry is whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue. Banco de Seguros del Estado v. Mut. Mar. Off., Inc., 344 F.3d 255, 262 (2d Cir. 2003, quoting, DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 824 (2d Cir.1997).  Thus, courts must determine "whether the arbitrator[s] acted within the scope of [their] authority," or whether the arbitral award is merely the "arbitrator[s'] own brand of justice." Local 1199 v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992).

Even when an agreement to arbitrate is broad, an arbitrator's discretion is still limited - so long as they do not exceed the power granted to them by the contract itself. Banco de Seguros del Estado, 344 F.3d at 262 (citing AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 651 (1986) (citation omitted) (stating that arbitrators must not be allowed to "impose obligations outside the contract").

3

By way of background, in the FINRA action, Odeon alleged claims against its former employee, Mihir Patel, after he resigned to become employed by Auriga. Odeon's claims against Auriga were for tortious interference with Patel's contractual promises to keep Odeon's confidential information confidential and the prohibitions concerning competition and solicitation of Odeon's employees and clients.

Auriga executed the FINRA Submission Agreement, which states:

> The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaim and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

(Stern Decl. Ex. C).

In its response to the Statement of Claim, Auriga narrowly requested **"attorneys' fees and costs as a sanction** against Odeon for filing a frivolous Claim against Auriga." (Stern Decl. Exs. B at 14; J at 3). To be clear, unlike each of the scenarios in Auriga's cited cases, Auriga never requested attorneys' fees as a matter of right, but only on this limited basis, which the Panel may award under FINRA Rule 13212. See, FINRA Rule 13212(a) ("The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to…Assessing attorneys' fees, costs and expenses.").

Auriga also narrowly requested attorneys' fees and costs as a sanction as part of its Motion to Dismiss and Motions for Sanctions during the discovery phase of this matter pursuant to FINRA Rule 13212, which was denied with leave to renew at the Hearings. (Stern Decl. Ex. F at 7-10; G at 4; J at 3-4). And again, when Auriga renewed its Motion for Sanctions during the Hearings, which the Panel ultimately denied. (Stern Decl. Ex. J at 3-4).

The Panel's only authority to award attorneys' fees to Auriga, which requested attorneys' fees as part of its Answer and Motion to Dismiss/Sanctions, was "as a sanction against Odeon for filing a frivolous Claim against Auriga," and pursuant to FINRA Rule 13212, which the Panel specifically recognized, *and denied*, in the Award.

Indeed, even when Auriga itself submitted its proof of attorneys' fees, it confirms in its July 24, 2017 letter to the Panel that its documentation of attorneys' fees and expenses were submitted because the "Panel reserved its ruling on Auriga's motion for an award of **its attorneys' fees and expenses as a sanction against Odeon**, and instructed Auriga to promptly submit documentation of its attorneys' fees and expenses incurred in this matter." (Stern Decl. Ex. H).

Nowhere in the record could it be said that Auriga requested "attorneys' fees" other than as a form of sanction. Indeed, Auriga does not claim this in its opposition papers.

Amazingly, instead of adhering to the parties' Submission Agreements, the pleadings filed in this Arbitration, as well as the subsequent Motions Auriga filed, the Panel, after specifically denying Auriga's request for sanctions, exercised its own brand of justice by awarding Auriga attorneys' fees separate and apart as a form of sanctions.

Accordingly, the Panel exceeded its powers warranting vacatur of the Award.

   A. **There Is No Colorable Basis for the Panel's Award of Attorneys' Fees and Costs to Auriga Because the Panel Denied Auriga's Request for Attorneys' Fees "As A Sanction"**

This Circuit has held that if arbitrators "rule[] on issues not presented to [them] by the parties, [they have] exceeded [their] authority and the award must be vacated." Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512 (2d Cir. 1991), quoting, Dighello v. Busconi, 673 F.Supp. 85, 87 (D. Conn. 1987), aff'd mem., 849 F.2d 1467 (2d Cir. 1988); See, AT&T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643 (1986) (citation omitted) (arbitrators must not be

5

allowed to "impose obligations outside the contract"); Melun Industries, Inc. and Strange, 898 F. Supp. 990 (S.D.N.Y. 1990) (awards vacated when the arbitrator rules on issues not presented by parties, or otherwise exceeds the scope of his authority granted by contract).

A court may properly find that an arbitrator exceeded his or her authority if the arbitrator has "consider[ed] issues *beyond* those the parties have submitted for [his or] her consideration" or "reach[ed] issues clearly prohibited by law or by the terms of the parties' agreement." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 122 (2d Cir. 2011).

Here, the inquiry is whether the Panel had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether arbitrators correctly decided that issue. 9 U.S.C.A. § 10(a)(4); C&D Technologies, Inc. v. International Ass'n of Heat and Frost Insulators & Asbestos Workers, 303 F. Supp. 2d 468 (S.D. N.Y. 2004). "[T]he scope of authority of arbitrators generally depends on the intention of the parties to an arbitration and is determined by the agreement or submission." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir .1987). An arbitrator has the authority to award attorneys' fees if the parties' agreement to arbitrate grants such authority. Synergy Gas Co. v. Sasso, 853 F.2d 59, 64–65 (2d Cir.1988); First Interregional Equity Corp. v. Haughton, 842 F.Supp. 105, 112 (S.D.N.Y.1994).

Because the traditional American Rule dictates that attorneys' fees are generally not awarded, it is the burden of the party seeking attorneys' fees, in this case Auriga, to demonstrate that the arbitrator had the authority to award those fees. Sammi Line Co. v. Altamar Navegacion S.A., 605 F.Supp. 72, 73–74 (S.D.N.Y.1985); Silvester Tafuro Design, Inc. v. Sachs, No. 96 cv 1271(DC), 1996 WL 257668, *4 (S.D.N.Y. May 16, 1996) (citing same).

6

On this threshold matter, Auriga is unable to demonstrate that it submitted a request for an award of attorneys' fees, except in the explicit, specific, and deliberate context of a sanction to punish Odeon for bringing a frivolous claim against Auriga.

In making their award, the Panel did not quote, cite to, or identify the parties' requests for attorneys' fees in their pleadings, during the hearing, and in their post hearing submissions, except "as a sanction" for frivolous pleadings.  Because this is the ***entire record*** of this issue, it is difficult, *if not impossible*, for this Court to conclude that an agreement existed between Auriga and Odeon whereby Odeon would have to pay Auriga's attorneys' fees incurred during the arbitration absent the imposition of sanctions.

To the contrary, Auriga's inability to cite to any request for attorneys' fees other than in connection with the imposition of sanctions makes it crystal clear that, in the context of this case, Auriga intended that attorneys' fees be imposed only as a form of sanction under FINRA rules.  It is thus manifestly unreasonable, bordering on the fanciful, for the Panel to construe the phrase "attorneys fees as a sanction" as a request by Auriga for attorneys' fees incurred during the arbitration, or (more to the point) as an implicit agreement for Odeon to pay Auriga's attorneys' fees if Auriga's motion for sanctions was denied. See, Caro v. Fid. Brokerage Services, LLC, 2014 WL 3907920, at *13 (D. Conn. Aug. 11, 2014).

Similar to the parties in Caro, Auriga, like Fidelity, defends the award of attorneys' fees in its favor by saying only that the Panel's statement in its Award that "Claimant and Respondent Auriga both requested attorneys' fees" represents more than a "barely colorable" justification for the outcome reached…".  This argument detaches the balloon of attorneys' fees from the realities of the case and it floats free, unencumbered by either fact or reason.  In fact, such statement proves that the Panel is imposing its own brand of industrial justice because the record is devoid of

Auriga's request for fees *other than* as a sanction.

Auriga's argument that the Panel's statement in its Award that "Claimant and Respondent both requested attorneys' fees" is more than a "barely colorable justification" for the Panel's decision to award Auriga attorneys' fees is belied by facts in the record.

In the Award, the Panel specifically recognized that Auriga only asked for such fees "as a sanction" and denied Auriga's Motion for Sanctions.  Yet, for some unbeknownst reason, the Panel awarded Auriga the attorneys' fees anyway.  Odeon <u>never</u> mutually agreed for the imposition of attorneys' fees in the event Odeon's claims were dismissed, nor did the parties "acquiesce" to an award of attorneys' fees during the Hearing.  Nor did Auriga *request* from the Panel attorneys' fees and costs as a "prevailing" party, which the FINRA Panel, in any event, is not permitted to award as a matter of right. Odeon only agreed to an award of attorneys' fees, as it pertains to Auriga, to the extent it was levied as a sanction, which was specifically requested by Auriga in its Submission Agreement and subsequent Motions – and which the Panel specifically denied in the Award.

Additionally, because Auriga never requested attorneys' fees other than as a sanction, Odeon was never afforded the opportunity to address the issue of attorneys' fees – it only addressed the issue of sanctions, which was raised by Auriga, argued by Odeon, and denied by the Panel.

Moreover, just as in <u>Caro</u>, the Court observed that there is no reasonable basis to conclude, as Auriga suggests, that the attorneys' fees award was *permissible* because it reflects the FINRA Panel's decision to sanction Odeon for asserting frivolous claims, which the Panel specifically ruled upon and denied.  In fact, the Award suggests that the panel affirmatively resolved *not* to levy sanctions against Odeon since the Award plainly states, "Respondent Auriga's Motion for Sanctions is denied".  Moreover, like in <u>Caro</u>, the Award also states "[a]ny and all relief not

8

specifically addressed [in the award], including punitive, ARE denied." (See, Stern Decl. Ex. J (emphasis supplied)).

Having specifically denied Auriga's request for sanctions, *and all other relief*, there is no reason – not even a *barely colorable justification* – to conclude that the Panel awarded attorneys' fees pursuant to an agreement by the parties, thereby exceeding their power, warranting vacatur. Since the Panel clearly denied Auriga's motions for sanctions, its award for attorneys' fees is NOT based upon any submission by the parties and is therefore beyond the Panel's authority.

Furthermore, the Panel's statement that "both parties" requested attorneys' fees" is nowhere present in the record; it was never addressed by Odeon.

Accordingly, by acting outside of the parties' Submission Agreement in granting attorneys' fees that were not requested *other than as a sanction*, the Panel did not apply the parties' "arbitration agreement" within the scope of their authority, and thus, exceeded its powers in granting Auriga relief not specifically sought in the arbitration. 187 Concourse Assoc. v. Fishman, 399 F.3d 524, 527 (2d Cir. 2005, citing, 9 U.S.C.A. § 10(a)(4)).

**II. AURIGA'S REQUEST FOR ATTORNEYS' FEES AND COSTS INCURRED IN OPPOSING THIS MOTION SHOULD BE DENIED**

While this Court has the inherent power to award attorneys' fees when one party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975), such inherent power must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 46, (1991). For this reason, "Bad faith may not be lightly found, and the party charging it bears a considerable burden of persuasion." Doyle v. Turner, 90 F. Supp. 2d 311, 323 (S.D.N.Y. 2000) ("whether or not the losing party has conducted itself in bad faith is [an] intensely fact-specific; Hall v. Cole, 412 U.S. 1, 5 (1973) (the

9

essential element in triggering the award of fees is the existence of "bad faith" on the part of the unsuccessful litigant).

In this Circuit, to award attorneys' fees under the bad faith exception, this Court must find "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Agee v. Paramount Communications, Inc., 114 F.3d 395, 398 (2d Cir.1997). Absent clear evidence that "the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts," the "the Second Circuit has "declined to uphold awards under the bad-faith exception." Doyle, 90 F. Supp. 2d at 323.

Auriga has not met its heavy burden of persuasion that Odeon acted in bad faith.

First, Petitioner has before this Court a meritorious and colorable claim challenging the Panel's Award of attorneys' fees and costs to Auriga in the above-referenced Arbitration. (See, supra). Second, as it relates to this Court's jurisdiction over this action, Petitioner proceeded with withdrawing the Petitioner from this Court to New York State Supreme Court, and after Auriga filed its opposition to Petitioner's Motion, Petitioner contacted Auriga seeking its consent to voluntarily withdraw this action. Despite the fact that the contemplated State Court action is identical to this action, and would require Auriga to oppose that Petition on identical grounds, Auriga refused to consent. Petitioner then filed a letter motion to this Court requesting that the Court grant Petitioner's request to voluntarily withdraw this action.

Accordingly, having not met its burden to demonstrate that Petitioner acted in bad-faith, this Court should deny Auriga's request for attorneys' fees and costs.

**CONCLUSION**

For the reasons stated above, and those in Petitioner's moving papers, Petitioner respectfully requests that this Court grant its Motion to Vacate and/or Modify the Arbitration Award, and for such other relief as this Court deems just and proper.

Dated: March 14, 2018
      New York, New York

                              **SACK & SACK, LLP**

*Eric Stern*

By:   Eric R. Stern, Esq.
       Sack & Sack, LLP
       70 East 55th Street, 10th Floor
       New York, NY 10022
       (212) 702-9000

       *Attorneys for Petitioner Odeon Capital Group, LLC*